FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUL 3 0 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 07-CR-725 (JBW) |
| v. | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| MICHAEL UVINO, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On December 24, 2008, Michael Uvino was found guilty by jury verdict of counts one, two, three, four, six, seven and eight of a nine-count superseding indictment. Count one charged that between September 2005 and September 2007, the defendant, together with others, being persons employed by and associated with the Colombo organized crime family, conducted and participated in the conduct of the affairs of that enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(c) and 1963. Within count one, Uvino was convicted of racketeering acts one and two(A).

Racketeering act one and count three charged that between September 2005 and September 2007, the defendant and others financed, directed, managed, supervised or owned illegal poker games, which operated in violation of New York State Penal Law §§ 225.05 and 20.00, involved five or more participants, and remained in substantially continuous operation for at least thirty days or had a gross revenue of at least $2,000 in any single day, in violation of 18 U.S.C. § 1955.

Racketeering act two(A) and count four charged that between September 2005 and September 2007, the defendant and others financed, directed, managed, supervised or owned an illegal bookmaking business, which operated in violation of New York State Penal Law §§ 225.05, 225.10(1) and 20.00, involved five or more participants, and remained in substantially continuous operation for at least thirty days or had a gross revenue of at least $2,000 in any single day, in violation of 18 U.S.C. § 1955.

Count two charged that between September 2005 and September 2007, the defendant, together with others, being persons employed by and associated with the Colombo organized

crime family, conspired to participate in the conduct of the affairs of that enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(d) and 1963.

Count six charged that between September 4, 2007 and September 5, 2007, the defendant and others, for the purpose of gaining entrance to or maintaining or increasing position in the Colombo organized crime family, conspired to assault with a dangerous weapon either John Doe #4, John Doe #5, or both individuals, in violation of New York State Penal Law §§ 120.05(2) and 105.05, and 18 U.S.C. § 1959(a)(6). Counts seven and eight charged that on September 5, 2007, the defendant and others, for the purpose of gaining entrance to or maintaining or increasing position in the Colombo organized crime family, assaulted with a dangerous weapon John Doe #4 and John Doe #5, in violation of New York State Penal Law §§ 120.05(2) and 20.00, and 18 U.S.C. § 1959(a)(3).

Uvino was sentenced on July 10, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal). The court gave notice prior to the sentencing hearing that it was considering a non-guidelines sentence substantially above the guidelines range, as consistent with 18 U.S.C. § 3553(a) and Booker.

At sentencing, the court found the total offense level to be twenty-six and defendant's criminal history category to be one, yielding a guideline range of imprisonment of between sixty-three and seventy-eight months. The guideline range of fine was from $12,500 to $125,000.

During the sentencing hearing, the parties spent substantial time disputing certain aspects of the presentence investigation report's guidelines calculations. The court made independent findings on the disputed issues with counsels' assistance, resulting in a revision of the guidelines

3

calculations. The court noted that regardless of the application of particular enhancements in the guidelines calculations, its sentence would have been the same. See United States v. Jass, 569 F.3d 47, 68 (2d Cir. 2009) (affirming and holding error was harmless where court stated it would have imposed same sentence regardless of whether enhancement was applied).

Counts one, two, seven and eight carried a maximum term of imprisonment of twenty years on each count. See 18 U.S.C. §§ 1963(a) and 1959(a)(3). Counts three and four carried a maximum term of imprisonment of five years. See 18 U.S.C. §§ 1955. Count six carried a maximum term of imprisonment of three years. See 18 U.S.C. §§ 1959(a)(6).

Uvino was sentenced to ten years imprisonment and three years supervised release. A $700 special assessment was imposed. A fine of $100,000 was imposed, with no interest to accrue.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). A number of factors were of particular significance. The defendant has a relatively positive background, including a college degree, charitable activities and strong family support.

Nevertheless, the crimes included the use and threat of force to gain and keep control of continuous interstate gambling enterprise operations. Defendant is a member of an organized crime family. His gambling activities sustained the mob's extensive criminal power, which adversely impacts communities. Defendant exercised clear leadership over his criminal group,

and terrorized others. He has supervised the activities of associates in order to achieve and protect the mafia's criminal interests. Defendant's gambling profits constitute the lifeblood of a dangerous and destructive criminal enterprise.

While committing the crimes charged and before and during the trial, the defendant revealed an arrogant disregard and disrespect for the law. Until the time of sentencing he showed no contrition, reflecting a somewhat amused tolerance of the system, exemplified by his exactly calibrating his possible period of confinement under the guidelines. This manipulative conduct characterized his criminal role. A sentence of ten years imprisonment reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that crimes committed in furtherance of a leadership role in a criminal enterprise will result in a substantial prison sentence. As an inducted member of the mob the defendant will almost certainly return to criminal activities on behalf of the mob. Incapacitation is required since specific deterrence is unlikely.

Jack B. Weinstein
Senior United States District Judge

Dated: July 28, 2009
Brooklyn, New York